BRENT P. LORIMER, Utah Bar No. 3731
*blorimer@wnlaw.com (Pro Hac Vice Admission Pending)*
DAVID R. TODD, Utah Bar No. 8004
*dtodd@wnlaw.com (Pro Hac Vice Admission Pending)*
BRITTANY FRANDSEN, Utah Bar No. 16051
*bfrandsen@wnlaw.com (Pro Hac Vice Admission Pending)*
WORKMAN NYDEGGER A Professional Corporation
60 East South Temple, Tenth Floor
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

DANIEL M. LIVINGSTON, Bar No. 105981
*dml@paynefears.com*
PHILIP K. LEM, Bar No. 282480
*pkl@paynefears.com*
PAYNE & FEARS LLP
Jamboree Center, 4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMEE LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SNAP LIGHT, LLC (d.b.a. SNAPLIGHT), a California limited liability company; HOOSHMAND HAROONI, an individual residing in California,<br><br>Defendants. | Case No. 2:17-cv-9042<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**<br><br>**Jury Trial Demanded** |

1

# COMPLAINT

Plaintiff LuMee LLC ("LuMee") brings this action against Defendants Snap Light, LLC (d.b.a. Snaplight) ("Snaplight") and Hooshmand Harooni ("Harooni"), and alleges the following claims for relief:

## PARTIES

1. Plaintiff LuMee is a Delaware limited liability company with its principal place of business at Gateway Center 136 Heber Ave Suite 103, Park City, UT 84060.

2. On information and belief, Defendant Harooni is an individual residing in this district and having a principal place of business at 3010 Olympic Blvd., Los Angeles, California 90023.

3. On information and belief, Harooni is the owner of U.S. Patent No. 8,428,644 ("the '644 patent"), attached hereto as Exhibit A.

4. On information and belief, Defendant Snaplight is a California limited liability company with its principal place of business at 1780 La Costa Meadows Drive, Suite 100, San Marcos, California 92078.

5. Snaplight has asserted that Harooni has granted it an exclusive license to the '644 patent with rights to enforce the '644 patent.

## JURISDICTION AND VENUE

6. This is an action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* seeking a declaratory judgment of non-infringement of the '644 patent.

7. LuMee has sold and is currently selling its "LuMee Two" and "LuMee Duo" products to customers within the United States.

8. On July 31, 2017, Snaplight filed an action against Kimsaprincess Inc. ("Kimsaprincess") and Urban Outfitters, Inc. ("Urban Outfitters") in this district (Case No. 2:17-CV-05468-JVS), claiming to be an exclusive licensee of the '644 patent and asserting that LuMee's "LuMee Two" and "LuMee Duo" products fall

within the scope of the '644 patent. The action filed by Snaplight against Kimsaprincess and Urban Outfitters is hereafter referred to as the "Customer Suit."

9. Snaplight asserts in the Customer Suit that Kimsaprincess infringes by reason of its promotion and use of the LuMee Two and LuMee Duo products and that Urban Outfitters infringes the '644 patent by reason of its re-sale of the LuMee Two and LuMee Duo products.

10. The LuMee Two and LuMee Duo do not infringe any claim of the '644 patent, and as a result, none of the activities of Kimsaprincess or Urban Outfitters complained of by Snaplight constitute infringement of the '644 patent.

11. Because of Snaplight's assertions of patent infringement in the Customer Suit, a case or controversy now exists between LuMee, on the one hand, and Snaplight and Harooni, on the other hand, as to whether LuMee's LuMee Two and LuMee Duo products fall within the scope of any claim of the '644 patent and thus as to whether LuMee is infringing the '644 patent.

12. Snaplight is subject to personal jurisdiction in this district under Fed.R.Civ.P. 4(k)(1)(A) and Cal. Code Civ. Proc. § 410.10 because Snaplight's actions giving rise to the aforesaid case or controversy (namely the filing of the Customer Suit) occurred in this district.

13. Harooni is subject to personal jurisdiction in this district under Fed.R.Civ.P. 4(k)(1)(A) and Cal. Code Civ. Proc. § 410.10 because, on information and belief, he resides in this district.

14. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

15. This action arises under the federal patent laws, and therefore this court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

## FACTUAL BACKGROUND

16. LuMee's LuMee Two product is a smartphone case that provides illumination for pictures taken by the smartphone's front-facing camera. The illumination is provided by two parallel linear strips of LEDs on the left and right sides of the front of the smartphone case. Photographs of the LuMee Two product are attached hereto as Exhibit B.

17. LuMee's LuMee Duo product is a smartphone case that provides illumination for pictures taken by the smartphone's front-facing camera as well as illumination for pictures taken by the smartphone's rear-facing camera. The front-facing illumination is provided by two parallel linear strips of LEDs on the left and right sides of the front of the smartphone case, and the rear-facing illumination is provided by two parallel linear strips of LEDs on the left and right sides of the back of the smartphone case. Photographs of the LuMee Duo product are attached hereto as Exhibit C.

18. Neither the LuMee Two nor the LuMee Duo includes a ring of LED lights.

19. Both the LuMee Two and LuMee Duo products provide a battery as part of the case and a port on the bottom end of the case that allows the battery to be recharged. Neither the port on the LuMee Two nor the port on the LuMee Duo provides programmability for the LED lights on either case.

20. Neither the LuMee Two nor the LuMee Duo infringes or has infringed any valid claim of the '644 patent.

## COUNT ONE

### Noninfringement of the '644 Patent

21. LuMee repeats and incorporates by reference the allegations set forth above as though fully set forth herein.

22. For the reasons set forth above, an actual case or controversy exists between LuMee, on the one hand, and Snaplight and Harooni, on the other hand,

regarding whether the LuMee Two and LuMee Duo products fall within the scope of the '644 patent, either literally or under the doctrine of equivalents, and thus regarding whether LuMee infringes the '644 patent by selling the LuMee Two and LuMee Duo products.

23. LuMee is entitled to a declaration that neither it nor others, including its customers, directly or indirectly infringes the '644 patent under 35 U.S.C. § 271 by virtue of the manufacture, sale, offer for sale, use, or promotion of the LuMee Two and LuMee Duo products because those products do not fall within the scope of any claim of the '644 patent for at least the reasons that (1) neither product has a "ring" of LED lights or a permissible equivalent and (2) neither product has a "port used to provide…programmability" to the LED lights or a permissible equivalent.

## PRAYER FOR RELIEF

WHEREFORE, LuMee respectfully requests that the Court enter a judgment in favor of LuMee and against Snaplight and Harooni as follows:

A. Declaring that the LuMee Two and LuMee Duo products do not fall within the scope of any claim of the '644 patent, either literally or under the doctrine of equivalents, and that LuMee does not infringe the '644 patent by selling the LuMee Two and LuMee Duo products;

B. Declaring that no user or re-seller of the LuMee Two or LuMee Duo products directly or indirectly infringes any claim of the '644 patent;

C. Enjoining Snaplight and Harooni, their counsel, officers, and all persons in active concert or participation with either of them from charging infringement of, or instituting or continuing any action for infringement of, the '644 patent by virtue of the manufacture, sale, offer for sale, use, or promotion of the LuMee Two and LuMee Duo products, including in the Customer Suit; and

D. Awarding LuMee its costs and attorney fees pursuant to Fed.R.Civ.P. 54(d), 35 U.S.C. § 285, and any other applicable statute or rule.

## DEMAND FOR JURY TRIAL

LuMee demands a jury trial on all issues so triable under Rule 38 of the Federal Rules of Civil Procedure.

DATED this 15th day of December, 2017.

By   /s/ Daniel M. Livingston
DANIEL M. LIVINGSTON, Bar No. 105981
dml@paynefears.com
PHILIP K. LEM, Bar No. 282480
pkl@paynefears.com
PAYNE & FEARS LLP
Jamboree Center, 4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

BRENT P. LORIMER *(Pro Hac Vice Pending)*
blorimer@wnlaw.com
DAVID R. TODD *(Pro Hac Vice Pending)*
dtodd@wnlaw.com
BRITTANY FRANDSEN *(Pro Hac Vice Pending)*
bfrandsen@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple, Tenth Floor
Salt Lake City, Utah 84111
Phone: (801) 533-9800
Fax: (801) 328-1707 (Fax)

Attorneys for Plaintiff
LUMEE LLC

Declaratory Judgment Complaint 12-15-17.doc